## LOUISVILLE, NEW ORLEANS & TEXAS RAILWAY COMPANY *v.* WESLEY CRAYTON.

1. NEW TRIAL. *Sufficiency of evidence. Supreme court.*

    The rule is to regard favorably the action of the trial court upon a motion for a new trial involving the sufficiency of the evidence to uphold a verdict.

2. EVIDENCE. *Rule of business. Railroads.*

    Where it is a controverted question whether a train followed another after a definite interval, it is competent to support the testimony of the train men by showing a rule of business of the railroad company forbidding a shorter interval between the departure of trains from a station.

3. SAME. *Exclusion of evidence. Immaterial error.*

    But while evidence of such rule of business is competent, its rejection is not reversible error if it could throw no light on the main issue, whether a tort had been committed, but related to subsequent matters relied on in aggravation of damages.

4. SAME. *What is cumulative evidence.*

    Evidence of the same kind as that already given to the same point, is cumulative and not merely corroborative.

5. NEW TRIAL. *Newly-discovered cumulative evidence.*

    While in rare, exceptional cases a new trial may be granted upon newly-discovered evidence that is merely *cumulative*, it should not be done unless such evidence would, in the opinion of the court, certainly remove all doubt and lead to a different result.

FROM the circuit court of Warren county.
HON. J. D. GILLAND, Judge.

The opinion states the facts.

*Murray F. Smith*, for appellant,

Filed a lengthy brief, chiefly devoted to the facts, contending that the verdict was against the weight of the evidence, and, as to the other questions passed on by the court, making the following points:

It was error not to allow defendant to show its rule or regulation keeping trains ten minutes apart. "When there is a question whether a particular act was done, the existence of any course of business or office, according to which it naturally would have been done, is a relevant fact." 7 Am. & Eng. Ency. L., 63; *Knickerbocker Life Ins. Co. v. Pendleton*, 115 U. S., 339; 1 Greenl. Ev., § 40; *Barker v. R. R. Co.*, 24 N. Y., 599.

The newly-discovered evidence of the witness, Herbert, was material and vital. He saw all that was done and heard all that was said. His testimony was not merely cumulative. It would corroborate that of the conductor in every material particular of the transaction.

*M. Marshall*, for appellee.

A verdict will not be set aside unless clearly against the weight of evidence. The court will not substitute its impressions for those of the jury. Hilliard, New Trials, 448; *McAlexander v. Puryear*, 48 Miss., 420. It must be manifest that injustice has been done, and that a new trial will result differently. *Haber v. Lane*, 45 Miss., 608; *Chambers v. Meaut*, 66 *Ib.*, 625; *Herron v. Bondurant*, 45 *Ib.*, 683; *Garrard v. State*, 50 *Ib.*, 147. Action of trial court thereon will be viewed favorably. *Smith v. Walsh*, 63 *Ib.*, 584.

There was no error in rejecting evidence of the rule of business as to the interval between the leaving of trains. Such evidence is merely presumptive, and is only valuable where primary evidence of the fact is wanting. Greenl. Ev., § 40; *Knickerbocker Life Ins. Co. v. Pendleton*, 115 U. S., 339. The main issue was the previous insult and violence. This rule of business would throw no light on that issue.

The newly-discovered evidence was merely cumulative. Besides, no diligence was shown. *Vanderburg v. Campbell*, 64 Miss., 89. The objection for this cannot be avoided by calling the evidence corroborative.

Argued orally by *Murray F. Smith*, for appellant, and *M. Marshall*, for appellee.

WOODS, J., delivered the opinion of the court.

The declaration, in substance, alleges that appellee was a person with a railway ticket, properly procured and paid for, which entitled him to board and be transported upon a certain train in charge of one of the conductors of the appellant's train; that, pursuing his right as an intending passenger, appellee, in a proper manner, attempted to board the train at Halpin's station for Vicksburg; that he was met on the platform of the railway-car by the conductor, who obstructed the entrance of appellee and others, and who rudely and angrily exclaimed, "God damn you, niggers, get back, and go around;" that appellee told the conductor that they only wished to pass into the car provided for colored people, but that the conductor replied rudely and angrily, " God damn you, get off," and thereupon, without provocation from appellee, wilfully assaulted appellee, striking him in the face and pushing him from the train to the ground, and, immediately signaling the engineer in charge of the locomotive, started the train and left appellee on the ground, and that appellee and his wife were compelled to remain there until the arrival of the next train—about twelve o'clock that night —a space of about seven hours.

On trial the appellee supported his declaration by his own evidence in every substantial averment. He produced before the jury, also, the evidence of his wife and four other persons, which, in the main, coincided with his own testimony, and made out a case which, undisturbed, clearly entitled him to a recovery.

The case thus made out, however, was stoutly met, and its leading facts flatly contradicted by Hughes, the conductor in question; and the testimony of the conductor was itself corroborated by the evidence of six or eight witnesses, which, in many material points, supported or tended to support the conductor's evidence.

1. The refusal of the court below to set aside a verdict for appellee in the sum of $2,000, and to award a new trial because, as appellant alleges, the verdict was manifestly against the weight of the evidence, is assigned for error.

Remembering what has been already stated by us touching the evidence in the case on trial below, it is now to be added, specifically and in detail, that besides Crayton's, the appellee's, own evidence, which fully sustained the averments of the complaint, we find in the record before us that Price Jarvis testifies that the conductor shoved and knocked appellee off the train. Mrs. Harrison says, in the record, that the conductor exclaimed, "You God-damned niggers, get off," and struck Crayton in the face and pushed him off the train. Edward Jones testifies that the conductor was angry and cursed Crayton, and struck or struck at him, saying, in substance, "You God-damned niggers, get down and go around to the other end of the car." Charles Washington swears that the conductor shoved Crayton and he fell back off the train, and Mrs. Crayton testifies that the conductor said, speaking to appellee, "You get down, God damn you, and go around;" and on Crayton's replying, "I know my business," the conductor struck at him and knocked his hat off. In other points, too, appellee's testimony was clearly and strongly corroborated by the evidence of these several named witnesses.

Grant now (which is not true in fact) that the evidence of the conductor, in its entirety, is supported by that of the whole number of appellant's witnesses, can it be affirmed that the verdict is manifestly erroneous, that it is palpably against the preponderance of the evidence, or that the strong preponderance of the evidence is against the jury's finding? There is great and violent conflict in the evidence, and it may be said that the mind cannot rest with perfect confidence upon the absolute correctness of the verdict. Let this be admitted, and the question before us is in no way relieved of embarrassment. If the finding had been for the appellant,

upon the evidence before us, it could still be said that the mind could not rest with perfect confidence upon the result reached. In the case before us, as in multiplied others constantly arising, there is evidence upon which a verdict for either party might be founded. The weight of the evidence is a matter for the jury's consideration wholly. Here the jury has not only settled the question as to the weight and preponderance of the evidence favorably to the appellee, but this determination of the jury has been reviewed by the learned court below, which heard and saw the witnesses themselves as they testified, and there has been a refusal by that court to disturb the finding; and it is not to be forgotten that in this state the rule is to regard favorably the action of the trial court upon a motion for a new trial.

We are constrained to declare that we find no authority for a reversal on this ground.

2. We now come to consider the action of the court below in excluding from the jury, on appellee's objection, evidence intended to show the rule of the appellant corporation which forbids any train leaving any station within ten minutes of the departure of the train next preceding.

As is correctly said by appellant's counsel, the declaration of plaintiff below, by way of aggravation of damages, charges that he was compelled, by the wilful and unjustifiable conduct of the conductor, hereinbefore adverted to, to remain at Halpin station until twelve o'clock at night, a space of seven hours, and until the arrival of the next train. It is true, too, that appellee testified that he was compelled thus to remain by reason of his inability to board the pic-nic train, the one next after the regular one, which left him, because of its immediately following the regular train, whereby he was prevented taking passage thereon; and it is true, further, the conductor and engineer of this pic-nic train testified that this train waited ten minutes before following the preceding train. In this state of the evidence, the effort of the defendant corporation to support the testimony of the conductor and en-

gineer by showing a rule of business according to which the conductor and engineer would naturally have behaved in the particular instance referred to, was proper, and the evidence offered to be made was competent.  In Stephens' Digest of the Law of Evidence, article 13, the rule is clearly and correctly laid down, as stated by counsel for the appellant, and, so far as our examination has extended, it is generally regarded as well established in the jurisprudence of this country.  We do not dissent from counsel's views as to the competency of the evidence offered, and the same should have been unhesitatingly admitted to go to the jury.  But why the appellant should have much cared to put in evidence this particular rule of business of the railway company, or why the appellee should have at all cared to resist its introduction, we do not see clearly.  The evidence offered would at best have only raised a presumption that a particular act was done by the railway servants in a particular manner.  In the absence of any direct evidence on this point, the offered evidence, and the presumption which it would have raised, might have been important.  But here the jury had the direct evidence of the conductor and engineer that the act was done in conformity to the rule of business of the railway company.  To have produced any effect on the mind of the jury, we must suppose that the presumption of compliance with the company's rule, arising from proof of the existence of the rule, would have materially strengthened the positive and direct testimony of the servants that they actually did, on this particular occasion, what the general rule of business of the company uniformly required.  Furthermore, while we think the evidence of the existence of the rule was competent, it seems hardly material.  The material issue was: Did the conductor of the regular train, with profane and insulting language, violently and unwarrantably thrust the appellee from the train, striking him, or attempting to strike him, and, without proper excuse, prevent appellee's boarding the train and being carried to Vicksburg?  This constituted the

gravamen of the complaint. This was the material matter presented by the pleadings and proofs. The averment of the circumstance of the appellee having been detained seven hours at Halpin's station was, as counsel for appellant very properly characterized it, a matter in aggravation of damages sought to be recovered for the substantial and material wrong complained of. The delay at Halpin's was the consequence of appellee's unjustifiable treatment (as he conceived it) at the conductor's hands, and was a mere circumstance which followed the substantive wrong complained of, as appellee saw and presented the matter in his declaration. We regard the alleged delay as not material to a recovery on the main issue, and the rejection of the evidence in the particular under present consideration is not such error as will warrant a reversal, for it is manifest that the evidence, which was excluded, if introduced, would not have changed the result.

3. The third assignment of error has received prolonged consideration, and thorough examination of available authorities has not been shunned. The materiality of the newly-discovered evidence, the marked support which it would afford to the testimony of the conductor of the regular train, and the perfect good faith of appellant in respect to this new testimony, with the remarkable diligence shown in securing Herbert's affidavit supporting the motion for a new trial—all conspire to excite a wish on our part that a new trial might be had, if proper under well-known rules of law.

That evidence merely cumulative is not ground for new trial, is not disputed by counsel, as we understand him. But the contention is that the newly-discovered evidence of Herbert is not cumulative merely, but is corroborative of the evidence of the conductor, Hughes.

What does the legal mind understand by the words *cumulative* evidence? Simply this, that cumulative evidence is evidence of the same kind as that already given to the same point. Evidence of any disputed fact having been offered

by showing particular circumstances, any evidence which only shows the same circumstances is purely cumulative. Evidence which would tend to establish the disputed fact by other circumstances is not cumulative, but corroborative, in the sense in which that word is used by counsel. All cumulative evidence is necessarily corroborative, but all corroborative evidence need not be cumulative.

While the newly-discovered evidence of Herbert is clear and strong in corroboration of the circumstances testified to by Hughes, the conductor, it is merely cumulative, for it is addressed to the same circumstances detailed by the latter in his evidence on the trial. He does not profess to establish the fact of the conductor's non-culpability by showing any circumstances other than those disclosed and testified to by Hughes. But the character of Herbert's proffered evidence is so openly cumulative as to render discussion unnecessary.

We have not overlooked the truth that the rule as to the exclusion of cumulative evidence is not inflexible and without exception. There can be no doubt that the court, in the sound exercise of a legal discretion, may grant a new trial on the discovery of new evidence which is strictly cumulative, but the instances in which such exercise of legal discretion would be proper will be found rare indeed. Where the evidence upon which a case was originally tried was unsatisfactory, and the real issue was left in doubt, and newly-discovered evidence is offered which will clearly put an end to the doubt, and finally and conclusively dispose of the litigation certainly, and otherwise than on the former trial, the duty of the court would be to award the new trial. But we find nothing in the newly-discovered evidence of Herbert which will bring it within the class of exceptional cases. It is merely cumulative, and simply increases the weight of the appellant's evidence, and would, on another trial, when introduced, leave the cause in the atmosphere of doubt which now envelops it.

*Affirmed.*