72  715
187  219

HENRY THOMPSON *v.* YAZOO & MISSISSIPPI VALLEY RAIL-
ROAD CO.

1. RAILROADS. *Evidence. Custom of trespassers to board moving trains.*

   In an action against a railroad company for injuries sustained by
   plaintiff, a boy thirteen years old, who was a trespasser on a mov-
   ing freight train and jumped therefrom and was hurt, it is compe-
   tent for defendant to show that plaintiff and his companions were
   in the habit of getting on and off its moving trains with safety,
   this evidence being material on the question whether the con-
   ductor might reasonably have presumed that plaintiff could alight
   with safety, and whether the conductor exercised ordinary care.

2. SAME. *Moving train. Compelling trespasser to alight. Negligence.*

   It is for the jury to say whether defendant's conductor was wantonly
   and wilfully negligent in ordering plaintiff to get off the moving
   train, it appearing that he was in the habit of getting on and off
   defendant's running trains; that several other boys, his compan-
   ions, had just alighted with safety, and that the train was going
   slower than usual when he got off.

FROM the circuit court of Warren county.
HON. JOHN D. GILLAND, Judge.
The facts are stated in the opinion.

*L. W. Magruder,* for appellant.

The conduct of the conductor, in this case, was not only wil-
ful and wanton, but heartless and cruel. The train was mov-
ing at a dangerous speed, somewhere between three and six
miles an hour. The boy was only thirteen years old. The
train was slowing up at the time, with a view to stop, which it
would have done in a short time. The boy was hanging on the
side of the freight train. Any act is wilful and wanton which
is deliberately done with full apprehension of the circumstances
which put another in danger, for if the danger is apparent it is
wilful and wanton to expose such person to it.

The verdict is not only contrary to the weight of the evidence, but is without any testimony to support it.    The testimony is conflicting as to whether the train was going faster or slower than when the boy got on it.    It is certain, however, from the evidence, that it was moving at a dangerous rate of speed.    The conductor does not deny that he made threats, and that the boy was forced by them to alight when it was hazardous to do so.

It was error to admit testimony as to the habits of plaintiff in getting on trains, and that he was expert in getting on and off moving trains.    It is sufficient if the thing done is itself dangerous.    Speculation as to the capacity of the boy for agility or expertness is not to be indulged in.    *McDowell* v. *Railroad Co.*, 61 Miss., 519.    Besides, since experience in getting on and off trains cannot be relevant except when relied on by one who voluntarily encounters the danger, the circumstances of his experience and agility are not to be speculated upon by the conductor.    To leave a train when in motion, without some excuse, is negligence *per se*.    1 Lawyers' Rep. Ann., 541; 2 *Ib.*, 833; 4 *Ib.*, 433; 12 *Ib.*, 429.    See, also, *Railroad Co.* v. *West*, 66 Miss., 310; *Davis* v. *Railroad Co.*, 69 *Ib.*, 136; *McMurtry* v. *Railroad Co.*, 67 *Ib.*, 601; *Bardwell* v. *Railroad Co.*, 63 *Ib.*, 574.    So, also, if one compels another to do such an act as is in itself negligent, it is wilful and wanton, unless there be some excuse for it.    There was no emergency on this occasion, and the act of the conductor in driving the boy from the train was brutal.

*Mayes & Harris*, for appellee.

Plaintiff was a trespasser, and, at the time of his injury, was violating a criminal statute of the state.    The company owed him no duty except to abstain from wilful and wanton injury.    64 Miss., 784; 68 *Ib.*, 368; 69 *Ib.*, 321, 648; 70 *Ib.*, 437; 71 *Ib.*, 70, 74, 237.    If the conductor had ordered the boy off, under such circumstances that injury would naturally

and necessarily have resulted, then the injury would have been wilful; but this is not the case at bar. The other boys got off in safety, and plaintiff's own witnesses admit it was not dangerous for plaintiff to have gotten off under the circumstances. There must be something in the act of the conductor more than mere negligence and imprudence; there must be enough to fasten upon the company the responsibility for a wilful injury.

The evidence as to the habit and expertness of the boy in boarding trains was competent. It removed what effect might have been made upon the jury from the fact that the boy was only thirteen years of age; it showed him to be a boy of experience in boarding and leaving running trains, and that his age did not alone control in determining the company's liability.

Argued orally by *L. W. Magruder*, for appellant, and *J. B. Harris*, for appellee.

WOODS, J., delivered the opinion of the court.

There is evidence showing, or tending to show, that the appellant, a boy of thirteen years of age at the time he received the injuries complained of, had successfully jumped on a freight train of appellee with several other boys, and that he was in the habit of jumping on and off appellee's trains, and with uniform security prior to the day of his hurt. On this occasion, as appears from the evidence favorable to the appellee, the boys had jumped on the train soon after it emerged from a tunnel, and at a point about three hundred yards from the spot where the appellant was injured, and the appellant had no trouble, and incurred no apparent danger, according to his own testimony, in boarding the train. According to the evidence of the conductor of the train, and that of one of appellant's witnesses, the train was running slower when the boy fell, in his effort to get off, at the conductor's command, than when he jumped on, and it actually came to a full stop at the Alabama & Vicksburg railway crossing quickly thereafter.

On this evidence, and other offered for appellee, or appearing in that introduced by appellant, we have presented the case of a boy thirteen years old, who was in the habit of jumping on and off the moving trains of appellee with safety, under the conditions surrounding the present instance, a boy possessed of such ·dexterity in boarding and leaving moving trains as railroad men have, according to the evidence of one witness, and who, wilfully and in violation of law trespassing, was at length deprived of a limb by falling under the train in attempting to make a disembarkation at the order of the conductor.

On appellee's ' evidence, it appears that the conductor, on looking out of the door of his caboose, discovered several boys, including the appellant, who were swinging or holding to the sides of the cars on the train—boys whose past practices and present conduct demonstrated to him that they had just successfully boarded his train, and whose practices and conduct might have engendered in his mind a belief that they might also leave the train with like, or even greater safety, inasmuch as the train was running slower than when they had jumped on. So, seeing the trespassing boys, the conductor ordered them to get off. All the boys, except appellant, promptly and without hurt or trouble, obeyed, and jumped off. Observing that appellant, after this, was still on the side of the car—the second car from the caboose—he repeated his order to appellant, who, in some unexplained manner, in attempting to get off, as we suppose, met with some mishap and fell under the wheels.

We are thus brought face to face with the state of facts on which appellee relies to show lack of wilfulness or wantonness or due care to a seen trespasser—a minor in this case—in ordering him to leave a moving train under the circumstances disclosed.

The ground taken by appellee's counsel is that the train was not moving at such rate of speed as to make it negligence *per se* for the conductor to order such a boy as appellant was shown to be to get off the train, and the evidence favorable to ap-

pellee seems fairly to bring the case along and near the dividing
line which separates two strongly defined classes of cases, in
which, to illustrate, the courts, as matter of law, should say
whether, on the one hand, negligence *per se* is shown in one's
jumping from a train flying forty miles an hour, or, on the
other hand, should declare also, as matter of law, that there
was not negligence *per se* in leaving a train scarcely moving at
all.   In the first case, the danger to be encountered is obvious;
in the second, the risk of hurt was infinitesimal.   On the ev-
idence for appellee, the case at bar falls in a third class, and
lies in that debatable land where the jury, and not the court,
must decide the question as one of fact.

We have referred only to the evidence which supports, or
reasonably tends to sustain, the jury's verdict for appellee, and
have not, in this opinion, set out the opposing evidence, which
would have warranted, if accepted as true by the jury, a ver-
dict for appellant.   The jury did not accept and rely on this tes-
timony of appellant, but, on the contrary, has found each and
every material issue in favor of appellee.   The jury not only
had the evidence which we have, but they had (with a single
exception) the witnesses in person before them, and had such
opportunities of ascertaining and weighing the evidence as are
denied us.   The learned judge below, who also saw and heard
and observed the witnesses, declined, on full consideration, to
disturb the jury's finding, and we feel constrained to refuse to
reverse because of the supposed insufficiency of the evidence
to support the verdict.   So to do would be tantamount to a
decision by us that the trial court should have peremptorily in-
structed for the appellant.

There was no error in the court's action in permitting to go
to the jury evidence of the habits of this boy and his compan-
ions in jumping on and off trains.   This habit the appellee
knew, and, when the conductor of this particular train saw on
that day that the appellant and his fellow-trespassers had safely
boarded his train, it was a question whether he might or might

not have reasonably assumed that all could safely get off, under the circumstances disclosed in the evidence favorable to appellee. Moreover, and chiefly, this evidence served the proper and important office of presenting to the consideration of the court and jury the appellant as he really was, and so aided the jury in determining whether the conductor exercised ordinary care in ordering this boy, thus shown to be agile and dextrous in jumping on and off moving trains, to get off, under all the circumstances.

We find no reversible error in the action of the court in instructing the jury. The adverse criticism of the language of the court by appellant's counsel, as found in the fourth charge for appellee, is not sound. It appears to us that it is hypercritical to construe the instruction as holding that the conductor might, reasonably or unreasonably, have believed that the appellant could get off the train without apparent danger of hurt, and that this belief, though unreasonable, would exempt the railroad company from liability. This too exact interpretation by appellant's counsel would do violence to all the instructions given on both sides, taken as a whole.

*Affirmed.*