## JOHN WILLIAMS v. STATE.

[54 South. 857.]

1. CRIMINAL LAW. *New Trial. Cumulative evidence. Corroborative Evidence.*

It is the general rule that courts will grant with great reluctance, new trials founded on newly discovered evidence, especially when such evidence is merely cumulative, but where the newly discovered evidence is corroborative, the rule is not enforced with the same strictness as where it is merely cumulative.

2. CUMULATIVE EVIDENCE. *Corroborative evidence.*

Cumulative evidence is evidence of the same kind as that already given to the same point. Evidence establishing the disputed fact by other circumstances than those shown on the trial is corroborative evidence and when newly discoverey authorizes a new trial.

3. SAME.

All cumulative evidence is necessarily corroborative, but all corroborative evidence may not be cumulative.

4. RAPE. *Newly discovered evidence.*

Where on a trial for rape of a child under twelve years of age the age of the child was left in doubt by the evidence and it appears from newly discovered evidence that such doubt would probably be removed, a new trial should be granted on this ground.

APPEAL from the circuit court of Simpson county.
HON. W. H. HUGHES, Judge.

John Williams was convicted of the crime of rape and appeals.

The facts are fully stated in the opinion of the court.

*A. M. Edwards* and *Hilton & Hilton,* for appellant.

*Jas. R. McDowell,* assistant attorney-general, for the state.

Counsel on both sides filed elaborate briefs dealing only with the facts in the case.

ANDERSON, J., delivered the opinion of the court.

The appellant, John Williams, was convicted of the rape of a female child under the age of twelve years, sentenced to life imprisonment, and appeals to this court.

That the appellant used no force to accomplish his purpose, the female giving her consent thereto, is amply shown by the evidence. This fact, under the statute, constitutes no defense to the alleged crime, provided the female was, at the time, under the age of twelve years; while, if she was over twelve years of age, it would be a good defense. There is very serious doubt, from the evidence, whether, at the time of the alleged crime, the female was under the age of twelve years. One ground of the motion for a new trial is based on newly discovered evidence, namely, the evidence of three witnesses, who, it is alleged, would testify to facts and circumstances which would show that, at the time of the alleged crime, the female was over the age of twelve years. This ground of the motion is supported by the affidavit of the appellant in due form, as well as the affidavits of the witnesses whose testimony was discovered after the trial, in which they set out the facts to which they will testify, which, if true, show that at the time of the alleged crime she was in fact over twelve years of age.

It is undoubtedly the rule that courts will grant, with great reluctance, new trials founded on newly discovered evidence, especially when such evidence is merely cumulative, or which simply tends to impeach the testimony of one or more witnesses who have testified; but, where the newly discovered evidence is corroborative, the rule is not enforced with the same strictness as where it is merely cumulative. In *L., N. O. & T. Ry. Co.* v. *Crayton*, 69 Miss. 152, 12 South. 271, the distinction between corroborative and cumulative evidence is stated thus: "What does the legal mind understand by the words 'cumulative evidence?' Simply this: That cumulative evidence is evidence of the same kind as that already

given to the same point. Evidence of any disputed fact having been offered by showing particular circumstances, any evidence which only shows the same circumstances is purely cumulative. Evidence which would tend to establish the disputed fact by other circumstances is not cumulative, but corroborative. . . . All cumulative evidence is necessarily corroborative, but all corroborative evidence may not be cumulative.''

The newly discovered evidence here cannot be said to be cumulative in the sense of this definition. Its purpose is to prove the same fact testified to by witnesses on the trial, but to prove it by different facts and circumstances than those so testified to. However, even though the newly discovered evidence is merely cumulative, there is a well-established exception to the rule that a new trial should not be granted on such evidence. In *L., N. O. & T. Ry. Co.* v. *Crayton, supra,* the court said: ''There can be no doubt that the court, in the sound exercise of a legal discretion, may grant a new trial on the discovery of new evidence which is strictly cumulative; but the instances in which such exercise of legal discretion would be proper will be found rare indeed. Where the evidence upon which a case was originally tried was unsatisfactory, and the real issue was left in doubt, and newly discovered evidence is offered which will clearly put an end to the doubt, and finally and conclusively dispose of the litigation certainly, and otherwise than on the former trial, the duty of the court would be to award the new trial.''

The age of the female was left in so much doubt by the evidence, and it appearing from the newly discovered evidence that such doubt would probably be removed, the court below should have granted a new trial on this ground.     *Reversed and remanded.*