ALLMAN *v.* GULF & S. I. R. Co. *et al.**

(Division B.   Feb. 20, 1928.)

[115 So. 594.   No. 26927.]

1. RAILROADS. *Evidence of boy's custom of "hopping" trains was competent as supplementing other evidence showing he received injury while so engaged.*

In suit for damages for injury sustained by boy alleged to have been caused by defendant railroad companies' negligence while he was crossing tracks at crossing, in which defendants claimed that if plaintiff was injured by train, he was injured while "hopping" train, evidence of plaintiff's custom of "hopping" trains was competent as supplementing other evidence tending to show that he received his injury while so engaged, and was properly admitted.

2. EQUITY. *Motion to remand case for further newly-discovered evidence was within chancellor's discretion.*

Motion to remand case for further evidence on ground of newly-discovered evidence was within sound discretion of chancellor.

3. EQUITY. *Denying motion to remand case for further newly-discovered evidence, which was cumulative, held not abuse of discretion.*

Overruling motion to remand case for further evidence, made on ground of newly-discovered evidence, *held* not abuse of discretion, where affidavits accompanying motion showed that newly-discovered evidence was cumulative alone.

4. RAILROADS. *Statutory presumption that injury by railroad was caused by negligence is prima-facie only, and must yield to facts shown by evidence (Hemingway's Code 1927, section 1717).*

Statutory presumption provided by Code 1906, section 1985 (Hemingway's Code 1927, section 1717), that injury inflicted by running of locomotives or cars was caused by negligence of railroad company, is only *prima-facie* presumption, and it must yield to facts as shown by evidence.

5. RAILROADS. *Evidence held sufficient to overcome statutory presumption that injuries to boy, alleged to have been caused by train, were caused by railroad companies' negligence (Hemingway's Code 1927, section 1717).*

In action for injuries to boy alleged to have been caused by defendant railroad companies' negligence while he was crossing tracks at crossing, in which defendants claimed that if plaintiff was injured by running of train, he was injured while "hopping" train, evidence *held* sufficient to overcome statutory presumption, under Code 1906, section 1985 (Hemingway's Code 1927, section 1717), that injuries were caused by defendants' negligence.

*Corpus Juris-Cyc. References: Equity, 21CJ, p. 582, n. 33; Railroads, 33Cyc, p. 1068, n. 86; p. 1085, n. 11.

APPEAL from chancery court of Marion county.

HON. T. P. DALE, Chancellor.

Suit by Fred Allman, by mother and next friend, Mrs. E. W. Wallace, against the Gulf & Ship Island Railroad Company and another. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*H. C. Holden* and *Davis & Conner,* for appellant.

The testimony as to prior hopping of trains was incompetent, highly prejudicial, and should have been excluded. This identical question was raised in the case of *Ala. & Vicksburg Ry. Co.* v. *Thornhill,* 106 Miss. 387, 63 So. 674. The court said that "such evidence, under all the authorities, is not admissible." Among the multitude of cases which might be cited to sustain the correctness of the ruling of the court and the contention of the appellants in this case, are the following: *Totarella* v. *etc.,* 65 N. Y. S. 1044; *Hubbard* v. *Town of Mason,* 60 Iowa, 400; *Georgia, etc.,* v. *Evans,* 87 Ga. 673; *Glass* v. *Memphis,* 94 Ala. 581; *Eaton* v. *Telegraph Co.,* 68 Me. 62; *Chaise* v. *Maine,* 77 Me. 62; *Barrows* v. *Triever,* 21 Md. 320; *Aiken* v. *Holyoke,* 184 Mass. 269; *Geggenheim* v. *Lake Shore, etc.,* 66 Mich. 150; *Eppendorf* v. *Brooklyn,* 69 N. Y. 195; *Peoria* v. *Clayberg,* 107 Ill. 644; *Edwards* v. *City of Worcester,* 172 Mass. 104; *C. & A. R. R.* v. *Gibbons,* 65 Ill. App. 550; *C. B. & Q. R. R.* v. *Genderson,* 65 Ill. App. 638; *I. G. N. R. R.* v. *Ins. Co.,* 71 S. W. 772, 31 Tex. Civ. App. 272; *M. K. & T. R. R.* v. *Johnson,* 92 Tex., 380; *Barker* v. *Savage,* 3 N. Y. Ct. (1 Sweeny) 288. See also 10 R. C. L. 955, par. 127. A few courts have adopted the rule of admitting, in the absence of more di‡ rect proof, evidence bearing on the habits of a person on approaching railroad crossings, *Lyman* v. *R. R. Co.,* 66 N. H. 200, 20 Atl. 976; *Smith* v. *R. R. Co.,* 70 N. H. 53, 47 Atl. 290; *Frederickson* v. *R. R. Co.,* 156 Ia. 26, N. W. 12; *Chicago, etc., R. R. Co.* v. *Wilson,* 225 Ill. 50, 80 N. E. 56. But the majority of the courts hold that such evidence is inadmissible, the objections being that it is too remote in that a man may be generally careful in doing a particular thing and still be careless in the instance in question. *Chase* v. *R. R. Co.,* 77 Me. 62, 52 Am. Rep. 744; *Zucker* v. *Whitridge,* 205 N. Y. 50, 98 N. E. 209. See Anno. Cas. 1915B, 226, 22 C. J. 844, par. 835, citing numerous cases.

*Mo., etc., R. R. Co.* v. *Parrott* (Tex.), 94 S. W. 1135, 96
S. W. 950. Especially is such evidence inadmissible when
direct evidence is or can be produced or the act is other-
wise fully proved. *Chicago, etc., R. Co.* v. *Pearson*
(Ill.), 56 N. E. 633; *Cleveland, etc., R. Co.* v. *Morse,* 89
Ill. App. 1; *Atchison, etc., R. Co.* v. *Gants* (Kans.), 17
Pac. 54; *Hampson* v. *Taylor* (R. I.), 8 Atl. 331; 23 Atl.
732; *Bedenbaugh* v. *R. R. Co.* (S. C.), 48 S. E. 53; *Gulf,
etc., R. Co.* v. *Hamilton* (Tex.), 42 S. W. 358; *State* v.
*Fitchelle* (Minn.), 92 N. W. 527. Some courts permit
evidence showing the habits of the injured or deceased.
person where this is the only fact obtainable which is rel-
evant to the point or where the evidence is conflicting.
*Cox* v. *Chicago, etc., R. Co.,* 92 Ill. App. 15; *Davis* v.
*R. Co.* (N. H.), 44 Atl. 388. In the following cases,
where there was direct evidence, evidence of the charac-
ter indicated was held inadmissible to prove negligence
or lack of care: *Birmingham R. Light & P. Co.* v. *Sel-
horst,* 165 Ala. 475, 51 So. 568; *Atlanta & W. P. R. Co.*
v. *Johnson,* 66 Ga. 259; *East Tennessee, V. & G. R. Co.*
v. *Kane,* 92 Ga. 187, 22 L. R. A. 315, 18 S. E. 18; *Atlanta
& W. P. R. Co.* v. *Smith,* 94 Ga. 110, 20 S. E. 763; *Linck*
v. *Scheffel,* 32 Ill. App. 17; *Salem* v. *Webster,* 192 Ill.
369, 61 N. E. 323; *Belknap & D. Stone Co.* v. *Harris,* 13
Ky. L. Rep. 682; *Louisville & N. R. Co.* v. *Chism,* 20 Ky.
L. Rep., 584 S. W. 251; *Lexington R. Co.* v. *Herring,* 29
Ky. L. Rep. 794, 96 S. W. 558; *Louisville & N. R. Co.* v.
*Taylor,* 31 Ky. L. Rep. 1142, 104 S. W. 776; *Aiken* v.
*Holyoke Street R. Co.,* 184 Mass. 269, 68 N. E. 238; *Kail-
len* v. *Northwestern Bedding Co.,* 46 Minn. 187, 48 N. W.
779; *Eppendorf* v. *Brooklyn City & N. R. Co.,* 69 N. Y.
195, 25 Am. Rep. 171; *Smith* v. *Grand Street P. P. & F.
R. Co.,* 11 Abb. (N. C.), 62; *Baker* v. *Irish,* 172 Pa. 528,
33 Atl. 558; *Mayton* v. *Sonnefield,* 48 S. W. 608; *Prop-
som* v. *Leatham,* 80 Wis. 608, 50 N. W. 586; *International
& G. N. R. Co.* v. *Ives,* 41 Tex. Civ. App. 272, 71 S. W.
772; *McCarragher* v. *Rogers,* 120 N. Y. 526, 24 N. E. 812;

*Missouri, K. & T. R. Co.* v. *Johnson,* 92 Tex., 380, 48 S.
W. 568. In the following cases evidence of habit or
custom was inadmissible for the purpose of proving neg-
ligence on the ground that it affirmatively appeared that
the accident in question was not the result of such habit:
*Georgia Midland & G. R. Co.* v. *Evans,* 87 Ga. 673, 13 S.
E. 580; *Maysville & B. S. R. Co.* v. *Willis,* 31 Ky. L. Rep.
1249, 104 S. W. 1016; *Central R. & Bkg. Co.* v. *Ryles,* 84
Ga. 420, 11 S. E. 499; *Hill* v. *Snyder,* 44 Mich. 318, 6
N. W. 674; *St. Louis, I. M. & S. R. Co.* v. *Sparks,* 81 Ark.
187, 99 S. W. 73; *Louisville & N R. Co* v. *Berry,* 88 Ky.
222, 21 Am. St. Rep. 329, 10 S. W. 472. The court will
note that in the instant case there was direct evidence
of how the complainant was injured. The complainant's
brother, Henry Allman, was an eyewitness and corrob-
orated the complainant's own testimony. According to
the testimony of these two boys, the complainant was not
trying to hop the train, and therefore any evidence about
his hopping trains on previous occasions was wholly in-
competent, irrelevant and immaterial and should have
been excluded. Not even in cases where there is no di-
rect evidence do the courts always admit evidence of
habit or conduct on previous occasions on the issue of
negligence. See *Morris* v. *East Haven,* 41 Conn. 252;
*Frounfelker* v. *R. R. Co.,* 62 N. Y. S. 840; *Swift & Co.* v.
*Zerwich,* 88 Ill. App. 558; *Gray* v. *Chicago, etc., R. Co.*
(Ia.), 121 N. W. 1097; *Erb* v. *Popritz* (Kans.), 52 Pac.
871; *Baltimore, etc., R. Co.* v. *State* (Md.), 69 Atl. 439;
*Chase* v. *Maine, etc., R. Co.* (Me.), 52 Am. Rep. 644;
*Parsons* v. *Syracuse, etc., R. Co.,* 117 N. Y. S. 1058;
*Mansfield Coal & Coke Co.* v. *McEmery* (Pa.), 36 Am.
Rep. 662; *L. & N. R. Co.* v. *McClish,* 115 Fed. 268; *Mul-
ville* v. *Life Ins. Co.* (Mont.), 47 Pac. 650; *Wallis* v. *So.
Pac. Co.* (Calif.), 195 Pac. 408, 15 A. L. R. 117. In the
annotation in 15 A. L. R. 117, there is a special para-
graph dealing with evidence as to the habit of an injured
plaintiff of boarding and jumping off moving cars.

Every case cited in this paragraph holds that evidence of such a habit is inadmissible. We refer the court especially to the case of *St. Louis., etc., R. Co.* v. *Sparks* in which it was held, in an action for injury to a child by being struck by a car when attempting to cross railroad tracks, evidence is inadmissible that he had been in the habit of catching rides upon cars moving upon the track, as there was nothing to show that the injury grew out of such an attempt. *This case is exactly on all fours with the case at bar.* (Anno. page 135). In this annotation there is also cited the case of *Thompson* v. *Y. & M. V. R. Co.,* 72 Miss. 715, 17 So. 229, where this court held that evidence of the habits of a boy in jumping on and off moving trains is admissible to show whether or not the conductor was negligent in ordering him to jump off of his train just as it had started and was moving slowly.

The court erred in refusing to remand the case for additional evidence. The newly-discovered evidence, as shown by the affidavits attached to the motion to remand, was very important. We contend that the court committed reversible error in refusing to reopen the case and hear this newly-discovered evidence. The evidence of the three witnesses who signed the affidavits supporting the first notion to remand would have proved the complainant's case beyond any doubt, and would have completely refuted the testimony of the witnesses for the defendants that this train only backed once across the street. Not only because of its materiality and significance did he have the right to the benefit of this evidence, but also because the complainant had no way of anticipating that the defense would attempt to show that the train was only backed over the crossing once. See Chancellor Griffith, in Miss. Chancery Practice, pars. 595 and 596; 4 C. J., par. 2788. The leading case in this state is *Beard* v. *Green,* 51 Miss. 856. The newly-discovered evidence was determinative of the complainant's right to recover, and would have turned the balance in his favor.

The statutory presumption of negligence was not re-
butted. At the trial of this cause this appellant was en-
titled to the benefit of the presumption of negligence cre-
ated by section 198, Code of 1906. The defendants failed
to properly explain and show in evidence the circum-
stances of the injury and, therefore, the presumption of
negligence was not rebutted. *Railroad Co.* v. *Phillips*,
64 Miss. 704, 2 So. 537; *Railroad Co.* v. *Brooks*, 85 Miss.
275, 38 So. 40; *Railroad Co.* v. *Landrum*, 89 Miss. 399,
42 So. 675; *Mobile, etc., R. Co.* v. *Hicks*, 91 Miss. 273,
46 So. 360; *Railroad Co.* v. *Murray*, 91 Miss. 546, 44 So.
785; *Combs* v. *Railroad Co.*, 92 Miss. 532, 46 So. 168;
*Easley* v. *Railroad Co.*, 96 Miss. 399, 50 So. 491; *Hunni-
cutt* v. *Railroad Co.*, 98 Miss. 272, 53 So. 617; *Fuller* v.
*Railroad Co.*, 100 Miss. 705, 56 So. 783; *R. R.* v. *Cole*,
101 Miss. 173, 57 So. 556; *A. & V. Ry. Co.* v. *Thornhill*,
106 Miss. 387, 63 So. 674; *Hammel* v. *Railroad Co.*, 113
Miss. 344, 74 So. 276; *Railroad Co.* v. *Meyers*, 114 Miss.
458, 75 So. 244; *Railroad Co.* v. *Prine*, 118 Miss. 90, 79
So. 62; *Railroad Co.* v. *Gray*, 118 Miss. 612, So. 812;
*Railroad Co.* v. *Boone*, 120 Miss. 632, 82 So. 335; *Bonds*
v. *Railroad Co.*, 125 Miss. 547, 88 So. 161. We antici-
pate that the appellees will rely upon the *Hunnicutt case,
ante,* which was followed in *Railroad Co.* v. *Jones*, 137,
Miss. 631, 102 So. 385, where the Railroad Company
offered no eyewitnesses but only circumstantial evidence
to rebut the presumption of negligence. But in neither
of these cases was it claimed that the fatality occurred
at a street crossing. The presumption being unrebutted
by the defendants, the complainant was entitled to a de-
cree and is now entitled to a judgment in this court re-
versing the case.

*Mounger & Mounger,* for appellee.

The first assignment argued by counsel for appellant
is that the court erred in admitting testimony that the

plaintiff was in the habit of hopping on trains. The tes-
timony admitted was to the effect that the plaintiff, for
the period of a year before the accident, had the regular
habit of catching and riding on the trains. Counsel re-
fers to the case of *A. & V. Railroad Co.* v. *Thornhill*, 106
Miss. 387. The Thornhill case does not support appel-
lant's contention. The court in the opinion expressly
pointed out that an affirmative answer to the question
propounded to the witnesses in the Thornhill case would
not establish any regular habit or custom. The court
declined to say whether or not testimony of a regular
habit or custom was admissible. 10 R. C. L., p. 955,
par. 127, does not support the argument of the appellant.
On the contrary we think it supports the admissibility
of the testimony admitted by the court. Counsel next
refers to cases on the question of habit of carefulness and
lack of carefulness. The evidence in question was as to
a particular thing, the habit of the boy in question to
jump on moving trains while in motion, and the question
as to the general habit of care or lack of care is a very
different thing. Appellant argues that according to the
testimony of Fred and Henry Allman, complainant was
not trying to hop the train, and therefore they say any
evidence about his hopping trains on previous occasions
was wholly incompetent, irrelevant and immaterial. The
testimony of these witnesses was directly contradicted.
The only issue involved was decided upon a conflict of
testimony, and the court had a right to decide it as it
did. Counsel cites the note to *Wallace* v. *Southern Pa-
cific Company*, 15 A. L. R. 117, but counsel failed to cite
the reported case which held as follows: "In the absence
of an eyewitness of a crossing accident in which one at-
tempting to drive a team across a railroad track was
killed, evidence is admissible of his habit of care and
caution under such circumstances." Counsel continue
to pursue the authorities which it found in the note and
states that there is a special paragraph dealing with

evidence as to the habit of an injured plaintiff boarding moving cars, and counsel state every case cited in this note holds that such evidence is inadmissible. We submit that the court held that the evidence offered in those cases was inadmissible, but the court did not hold or lay down the general rule that the regular custom or habit of one jumping on moving trains was not admissible against the person injured. In *Fountain* v. *Washington R. & E. Co.,* cited in the note, holding that one thrown from a street car, which he was attempting to get onto while moving, evidence was not admissible that his custom was to board cars in motion. It was admitted that the plaintiff was attempting to get onto a moving car, that question was not in dispute, and so the admission of this evidence would not have advanced the cause any. The note referred to states the holding in the case of *Epindorf* v. *Brooklyn City N. R. Co.,* 25 Am. Rep. 171. There was no dispute in that case that the plaintiff was getting on a moving car. Citation is twice made in complainant's brief to the case of *St. Louis I. M. & S. R. Co.* v. *Sparks,* 81 Ark. 187, 99 S. W. 73. The court, by implication, states that if there was anything to show that the injury grew out of his attempt to catch moving cars such evidence would be admissible, and so we say that this case is authority for the respondent in the case at bar, because there is evidence to show that the plaintiff did not get injured at the crossing at all, not in the manner at all that he said he got injured, nor even at the place. In the same note counsel cites *Thompson* v. *Y. & M. V. Railroad Co.,* 72 Miss. 715. The court admitted evidence of the habits of a boy jumping on and off moving trains and held that the same was admissible to show whether or not a conductor was negligent in ordering him to jump off his train. While the point sought to be proven in the Thompson case above was entirely different from the point in the case at bar, still the evidence offered in that case was the habit of the boy to jump on and off

trains, the same evidence that is complained of here, and the court recognized that this evidence was good evidence to prove the thing involved in the issue in that case. By the same token the evidence would be admissible to prove the matter involved in the issue in the case at bar.

The third matter argued in brief for appellant is that the court erred in refusing to remand the case for additional evidence. These affidavits showed the court what the complainant would attempt to prove by these witnesses. Attorneys for the respondent objected to this rehearing and made their objection in writing. Defendants showed that the witness Rhoden was summoned as a witness for the complainant, and that the attorneys for the complainant knew that Rhoden lived in sight of the crossing and that having summoned him they evidently had talked to him and knew what his testimony would be, and that it was not unreasonable that they should be permitted to claim that his testimony in the case was newly discovered. The evidence which they proposed amounted to no more than cumulative evidence on the same point. The court had to consider this motion in the light of all these circumstances, and the main thing it had to consider was that the plaintiff had already covered this case by that of two witnesses who had testified that the train backed across the crossing at six o'clock. He put this evidence on and had rested on that point. The defendant had answered it and put its witnesses on. The point did not remain uncovered by any mistake or any inadvertence. The court had heard all the evidence and saw what the complainant was attempting to prove and had full power to determine whether or not that additional evidence would give the court any desired light on the case. The reopening of the case was one left entirely to the sound discretion of the court, and the court was in a position to judge whether or not that additional evidence would be of any value to the court, and the court decided that it would not. The rules quoted by counsel

from Griffith's Chancery Practice recognizes in the very beginning that the chancellor had the right to determine the cause on the record as made.   As a matter of fact the court was in a position to consider this testimony as presented by these affidavits just as much as if these witnesses had been permitted to come forward and testify. It would have been unfair to allow the plaintiff in making out his case to put two witnesses on the stand, who would say that the train backed over the crossing at the time in question, and then after the defendant had combatted this to come back and put other witnesses on the stand on the same point.   See *Cohn* v. *Lumber Company*, 80 Miss. 658.   The court exercised sound discretion, and it is not shown that there was any abuse thereof.

Counsel argue that the statutory presumption of negligence was not rebutted and contend that the plaintiff was entitled to the benefit of the presumption.   Counsel cite the entire line of cases decided by the Supreme Court of Mississippi on this subject, but claim special advantage by reason of the *Cole case,* 101 Miss. 173.   In deciding the Cole case the court was simply deciding whether a peremptory instruction should have been given or not, and the court held that a peremptory instruction for the defendant was not proper.   In the case at bar the chancellor was required to decide the facts just as the jury decided them in the Cole case.   See *Davis* v. *Temple,* 129 Miss. 12.   The chancellor well understood this law.   He was required to say whether the facts appeared or did not appear, and he was the one to consider the force of the statutory presumption, and his decision in this case is that which must control.   In *G. & S. I. R. Co.* v. *Odum,* 133 Miss. 543, the court held that the presumption of negligence afforded by the statute, as well as the presumption of negligence under the doctrine of *res ipsa loquitur* may be met and overcome by a defendant by negative as well as positive testimony.   *Mobile, etc., R. R. Co.* v. *Robinson,* 132 Miss. 847; *Railroad Co.*

v. *Jones,* 137 Miss. 631.   Counsel refers to the Brooks, Landrum, Hunnicutt, Fuller and Cole cases.   In connection with these cases we desire to call the court's attention to the case of *So. R. R. Co.* v. *Daniel,* 108 Miss. 358. Rule No. 11 of this court provides that not judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence unless it shall affirmatively appear from the whole record that such judgment has resulted in a miscarriage of justice.   It does not affirmatively appear in the case at bar that the judgment of the court has resulted in a miscarriage of justice, but it does appear that the justice has been done, and we respectfully submit that the judgment of the lower court, the finding of the chancellor should be sustained.

ANDERSON, J.   Appellant filed the bill in this case in the chancery court of Marion county against appellees, the Gulf & Ship Island Railroad Company, a Mississippi corporation, and the Great Southern Lumber Company, a foreign corporation, to recover damages for an injury to his foot, caused by appellees' alleged negligence.   Jurisdiction was acquired of appellee Great Southern Lumber Company by an attachment in chancery levied on lands owned by it in this state.   The case was tried on bill, answers of appellees, and proofs, resulting in a decree dismissing appellant's bill.   From that decree, appellant prosecutes this appeal.

The railroad of appellee Gulf & Ship Island Railroad Company runs through the city of Columbia in a northwesterly and southeasterly direction.   In the late afternoon and early evening of January 12, 1926, one of the logging trains of appellee Great Southern Lumber Company was on the tracks of appellee Gulf & Ship Island Railroad Company within the corporate limits of the city of Columbia.   One of the public crossings over the tracks of the railroad in Columbia is High School avenue crossing, and at that crossing appellant claims to have

been injured. Appellant and his brother, Henry Allman, were the only eyewitnesses. They testified that they were returning from the home of the family washerwoman, where they had been sent by their mother to deliver a message to her; that they undertook to cross the railroad tracks at the High School avenue crossing; that a freight train headed north was standing on the tracks of the railroad north of the crossing, the caboose of which was near the north line of the crossing; that it was about six o'clock on the evening of January 12, 1926, and therefore after dark, when they attempted to go over the crossing; that when appellant went up on the railroad tracks, the freight train gave a violent lurch backwards, its caboose striking the appellant and knocking him down; that while in that position, one of the wheels of the caboose ran over his foot, crushing two or three of his toes so badly that it was necessary to amputate them. Appellant and his brother testified that this violent lurch of the train occurred without any warning to them; that there were no lights on the rear of the train; no signal was given to show any intended movement of the train; and that there was no employee connected with the train who gave any notice that the train was going to move.

Appellees undertook to show by evidence, largely circumstantial, that it was impossible for appellant to have been injured at the time and the place and in the manner testified to by the appellant and his brother. Appellees, conceiving the idea that under the law the burden might be on them. to meet the presumption of the *prima-facie* statute, section 1985, Code 1906 (section 1717, Hemingway's 1927 Code), undertook to show by their evidence where and how the injury to appellant did occur. Appellant, after his injury, was found about three hundred feet north of the High School avenue crossing. Appellees showed by every person known to have any knowledge of the pertinent facts, including the crew in charge

of the freight train which, appellant claims, injured him, that it was impossible for appellant to have been injured at the time and place and in the manner testified to by the appellant and his brother. By the evidence introduced, it was shown that on the day of the injury the freight train causing the injury only backed over the High School avenue crossing once while it was in the city of Columbia, and that occurred about five o'clock in the afternoon instead of six o'clock, when appellant claims to have been injured; that in backing over the crossing, Byrd, one of the brakemen in charge of the train, was on the rear of the caboose, on the lookout to prevent injury to persons on or near the railroad tracks; that when the caboose backed over the crossing, neither the appellant nor any other person was on or near the crossing, and therefore no person received an injury at the crossing. The evidence tended to show further that if appellant was injured by the running of any train on the afternoon or evening of January 12, 1926, it was the logging train belonging to appellee Great Southern Lumber Company, and, if injured by that train, his injury was bound to have taken place not in front of the engine or in the rear of the caboose, but between the engine and the caboose. Appellees, over the objection of the appellant, offered evidence of witnesses, which the court admitted, to the effect that appellant had for several months, perhaps a year, before the injury sued for occurred, been in the habit of "hopping" moving trains passing over the tracks of appellee Gulf & Ship Island Railroad Company, in the City of Columbia.

One of the principal grounds assigned and argued for the reversal of the decree appealed from is that the court erred in admitting that character of evidence. The issue of fact was whether or not appellant was injured at or about the time and place and in the manner testified to by himself and brother. In order to meet that issue, appellees undertook to show: First, that it was impossi-

ble for appellant to have received the injury at or about
the time and place and in the manner testified to by him-
self and his brother; and, second, that if appellant was in
fact injured by the train, the injury could not have oc-
curred otherwise than as the result of appellant's trying
to "hop" the train.

The probative value of habit or custom is discussed in
Wigmore on Evidence (2 Ed.), in sections 92 to 102, pages
325 to 336, inclusive. We quote, in part, what is there
said:

"Section 92.  *General Principle.*—Of the probative
value of a person's habit or custom, as showing the doing
on a specific occasion of the act which is the subject of
the habit or custom, there can be no doubt. Every day's
experience and reasoning make it clear enough. There
is, however, much room for difference of opinion in con-
crete cases, owing chiefly to the indefiniteness of the no-
tion of habit or custom. If we conceive it as involving
an invariable regularity of action, there can be no doubt
that this fixed sequence of acts tends strongly to show
the occurrence of a given instance. But in the ordinary
affairs of life a habit or custom seldom has such an in-
variable regularity. Hence, it is easy to see why in a
given instance something that may be loosely called habit
or custom should be rejected, because it may not in fact
have sufficient regularity to make it probable that it
would be carried out in every instance or in most in-
stances. Whether or not such sufficient regularity exists
must depend largely on the circumstances of each case.
 . . .

"Section 93.  *Miscellaneous Instances.*—Subject to the
foregoing distinctions, the admissibility of a person's
habit, usage, or custom as evidence that he did or did not
do the act in question may be said to be universally con-
ceded. Yet the distinction named, as well as the individ-
ual circumstances going to affect the regularity of the
habit, will from time to time effect its exclusion. Courts

vary, moreover, in their liberality of application of the principle. . . .''

''Section 97. *Habit of Negligence or Care.*—Negligence is, in one aspect, the not doing of a particular act; but in another and more correct aspect, it is the doing of one act in a manner which amounts to negligence in that some other act is omitted which ought to have accompanied it. There is no reason why such a habit should not be used as evidential—either a habit of negligent action or a habit of careful action.''

Numerous authorities are cited by the author in support of the text quoted. Some of them are abstracted in the notes. They sustain the principles laid down in the text. This question has not been decided by our court. In *Miss. C. Railroad Co.* v. *Miller,* 40 Miss. 45, which was an action against a railroad company to recover damages for the killing of live stock by the negligence of the employees of the company, the court held that it was not competent to show that the employees of the railroad had at other times and on other trains than the one causing the injury exhibited a want of reasonable and proper care, and that the evidence should be confined to the want of such care at the time of the injury. In *Railroad Co.* v. *Crayton,* 69 Miss. 152, 12 So. 271, it was a controverted question whether a train followed another train after a definite interval of time. The court held that it was competent for the railroad company to show by evidence, in support of other evidence, that the company had a rule which forbade a shorter interval of time between the departure of its trains from a station than a certain named interval.

*Thompson* v. *Yazoo & M. V. R. Co.,* 72 Miss. 715, 17 So. 229, was an action against the railroad company for injuries sustained by the plaintiff, a boy, thirteen years of age, who was a trespasser on a moving freight train, having jumped therefrom, and was hurt. The court held that it was competent for the railroad company to show

by evidence that the plaintiff and his companions were in the habit of getting on and off of moving trains with safety, and that this evidence was material on the question whether the conductor in charge of the train from which plaintiff jumped was wantonly and wilfully negligent in ordering plaintiff to get off the moving train.

In *A. & V. Railway Co. v. Thornhill,* 106 Miss. 387, 63 So. 674, this question was stated in the opinion of the court, but not decided. The court said:

"According to the evidence of eyewitnesses introduced in behalf of appellee, he was at the time of the accident standing on appellant's railroad track at its intersection with a street in the city of Jackson, watching a baseball game, when one of appellant's trains, without warning by bell or whistle, and when he was wholly unconscious of danger, approached him from the rear, struck him in the back, and injured him. According to the testimony of other eyewitnesses introduced in behalf of appellant, Thornhill was injured, without negligence on the part of appellant's servants, while he was attempting to jump on one of its moving trains.

"Objection was interposed to the following questions propounded to appellee on cross-examination: 'Were you used to jumping on trains?' 'Had you not on several occasions before jumped on moving trains, or attempted to jump on moving trains?' Although the current of authority seems to be to the contrary, it may be that under some circumstances a person's habit or custom may be admissible in evidence as tending to show the doing on a specific occasion of an act which is a subject of habit or custom as to which we express no opinion. But this case presents no such circumstances. An affirmative answer to these questions would not have established any regular habit or custom, but would simply have shown that appellee on other occasions had jumped or attempted to jump on moving trains, and such evidence, under all the authorities, is not admissible."

It will be observed from the opinion in that case that the decision of this question was expressly pretermitted.

We agree with the principles laid down in the quotation above from Wigmore on Evidence. We would not be understood, however, as holding that a material fact at issue in a case may be proven exclusively by evidence of custom or habit. That question is not involved here.

In addition to the evidence of appellant's habit of "hopping" trains, there was an abundance of other evidence tending to show that appellant did not receive the injury sued for at the High School avenue crossing, nor at any other place, while in front of or in the rear of the logging train; but, if he was injured by the running of the train at all, it occurred between the engine and the caboose in an effort on his part to swing onto the train while moving. The evidence of appellant's custom of "hopping" trains was supplementary to other evidence tending to show that he received his injury while so engaged. We hold that it was competent for that purpose; therefore there was no error in admitting it in evidence.

The action of the court in overruling appellant's motion to remand the case for further evidence is assigned and argued as error. The case was tried and taken under advisement by the chancellor for decision in vacation. While the chancellor had the case for consideration and decision in vacation, appellant's motion to remand for further evidence was filed. The ground of the motion to remand was newly-discovered evidence, shown by the affidavits filed with the motion to be material to the issues in the case. However, the affidavits accompanying the motion showed that the newly-discovered evidence was cumulative alone. The chancellor overruled the motion. The granting of such a motion was within his sound discretion; and we do not think the action of the chancellor in overruling the motion to remand was an abuse of sound discretion.

Appellant contends that the statutory presumption provided by section 1985, Code 1906 (section 1717, Hem-

ingway's 1927 Code), that the injury complained of was caused by the negligence of appellees, was not overcome by the evidence, and therefore appellant was entitled to a decree. That statute provides, in substance, that in all actions against railroad companies for damages to persons or property, proof of injury inflicted by the running of the locomotives or cars of such companies shall be *prima-facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. The presumption furnished by this statute is only a *prima-facie* presumption. It must yield to the facts as shown by the evidence, as this court has often held. We are of the opinion that there was ample evidence in this case, both direct and circumstantial, to overcome the statutory presumption. The evidence on behalf of appellees, although largely circumstantial, was strong and convincing, while that on behalf of appellant had many elements of weakness. There were several material conflicts between the testimony of appellant, as a witness in his own behalf, and that of his brother, who were the only eyewitnesses to the alleged injury.

We think the other assignments of error by appellant are of so little importance that they do not call for a discussion by the court. They are grounded on the action of the court in admitting the testimony of the witness Nelson and others. It is unnecessary to decide whether or not the court erred in the admission of the testimony of these witnesses, for it is apparent that their testimony could not, and did not, have a material bearing with the court in deciding the issues of fact in the case.

*Affirmed.*